IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


DWIGHT L. SHIVERS, JR.,                    :
                                           :
                        Petitioner,        :
                                           :
            v.                             :          Civil Action No. 21-1502-RGA
                                           :
ROBERT MAY, Warden, and                    :
ATTORNEY GENERAL OF THE                    :
STATE OF DELAWARE,                         :
                                           :
                        Respondents.       :


_____


Dwight L. Shivers, Jr.. *Pro se* Petitioner.

Maria T. Knoll, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

_____


**<u>MEMORANDUM OPINION</u>**


February 23, 2023
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Dwight L. Shivers, Jr. is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Petitioner filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, followed by an amended Petition. (D.I. 2; D.I. 11) The State filed a Motion for Leave to File a Motion to Dismiss (D.I. 20), which the Court granted after considering Petitioner's Response (D.I. 25). (*See* D.I. 29) The Court now grants the State's Motion to Dismiss (D.I. 30), and dismisses the Petitions as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I.    INTRODUCTION

In October 2016, Petitioner stabbed his male and female roommates and then fled the scene in his female victim's car. (D.I. 19-10 at 6-7) Petitioner stabbed his female victim one time and his male victim fifteen to twenty times. Both victims survived the attacks. Petitioner was taken into custody after he arrived at the Maryland State Police barracks driving the female victim's car. (*Id.*)

In January 2017, a Sussex County grand jury returned an indictment charging Petitioner with attempted first degree murder, second degree assault, theft of a motor vehicle, and two counts of possession of a deadly weapon during the commission of a felony ("PDWDCF"). (D.I. 19-1 at Entry No. 2) On August 25, 2017, Petitioner entered a "Robinson" plea to attempted first degree murder and second degree assault, and the State dismissed the remaining three charges. (D.I. 19-1 at Entry No. 14; D.I. 19-2) The Superior Court immediately sentenced Petitioner to fifteen years of incarceration followed by decreasing levels of supervision. (*See* D.I. 19-10 at 13-22) On August 31, 2017, the Superior Court corrected its sentence to add a no contact provision. (D.I. 19-1 at Entry No. 15; *see* D.I. 19-10 at 18-22) Petitioner did not appeal.

On September 14, 2017, Petitioner filed a motion for modification of his sentence, which the Superior Court denied on September 21, 2017.  (D.I. 19-1 at Entry Nos. 16, 17)  On October 10, 2017, Petitioner filed his first motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  (D.I. 19-3; *see* D.I. 19-1 at Entry No. 18)  The Superior Court denied the Rule 61 motion on December 20, 2017.  (D.I. 19-5)  Petitioner did not appeal.

On April 13, 2020, Petitioner filed a second Rule 61 motion.  (D.I. 19-6)  The Superior Court denied the second Rule 61 motion as successive under Rule 61(d)(2) on April 30, 2020.  (D.I. 19-1 at Entry No. 27)  Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment on June 4, 2021.  *See Shivers v. State*, 253 A.3d 1048 (Table), 2021 WL 2310361 (Del. Jun. 4, 2021).

In October 2021, Petitioner filed a Petition in this Court, and he filed an amended Petition in February 2022 (collectively referred to as "Petition").  (D.I. 2; D.I. 11)  The Petition asserts three grounds for relief:  (1) the Superior Court abused its discretion by not ordering a competency hearing or a pre-sentence investigation despite being aware of Petitioner's long history of mental health issues (D.I. 2 at 5; D.I. 11 at 6);  (2) defense counsel provided ineffective assistance by failing to file a motion to suppress Petitioner's statement to the police, which was made while he was under the influence of morphine (D.I. 2 at 7; D.I. 11 at 5); and  (3) defense counsel provided ineffective assistance by failing to investigate Petitioner's mental health issues and to request a competency hearing  (D.I. 11 at 1-3)  The State filed a Motion for Leave to File a Motion to Dismiss, to which Petitioner filed a Response.  (D.I. 20; D.I. 25)  The Court granted the State's Motion for Leave to File a Motion to Dismiss. (D.I. 29)  The Petition and the State's Motion to Dismiss (D.I. 30) are ready for review.

2

## II.      ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).  A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence.  *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert, and the Court cannot see, any facts triggering the application of § 2244(d)(1)(B), (C), or (D).  Therefore, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).  Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, upon "the expiration of the

3

time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A); *see Kapral v. United States*, 166

F.3d 565, 577 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).  In this case,

since Petitioner did not file a direct appeal, his judgment of conviction became final on

September 25, 2017, the day on which the thirty-day appeal period expired.[1]  Applying the one-

year limitations period to that date, Petitioner had until September 25, 2018, to timely file a

habeas petition.  *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a)

applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D.

Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the

anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to

run).  Petitioner, however, did not file the instant Petition until October 21, 2021,[2] approximately

three years after that deadline.  Thus, the Petition is time-barred and should be dismissed, unless

the limitations period can be statutorily or equitably tolled, or Petitioner demonstrates a

convincing claim of actual innocence excusing his untimely filing.  The Court will discuss each

doctrine in turn.

---

[1]The thirty-day filing period actually expired on September 24, 2017, which was a Sunday.
Therefore, the appeal period extended through the end of Monday, September 25, 2017.  *See* Del.
Supr. Ct. R. 11(a).
[2]Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is deemed filed on the
date he delivers it to prison officials for mailing.  *See Longenette v. Krusing*, 322 F.3d 758, 761
(3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for
mailing is to be considered the actual filing date).  Here, the certificate of mailing in the Petition
is dated October 21, 2021.  (D.I. 2 at 15)  Consequently, the Court adopts October 21, 2021 as
the date of filing.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The limitations clock started to run on September 26, 2017,[3] and ran for fourteen days until Petitioner filed his first Rule 61 motion on October 10, 2017. The Superior Court denied the Rule 61 motion on December 20, 2017, and Petitioner did not appeal that decision. Therefore, the Rule 61 motion tolled the limitations period from October 10, 2017 through January 22, 2018,[4] which includes the thirty-day appeal period.

The limitations clock started to run again on January 23, 2018, and ran the remaining 351 days without interruption until the limitations expired on January 9, 2019. Petitioner's second Rule 61 motion, filed on April 13, 2020, does not toll the limitations period because it was filed

---

[3]Petitioner filed a motion for modification of sentence on September 14, 2017, which the Superior Court denied on September 21, 2017, five days before the limitations period began to run.
[4]The last day of the thirty-day appeal period fell on Saturday, January 20, 2018. Therefore, the time to appeal extended through the end of the day on Monday, January 22, 2018. *See* Del. Sup. Ct. R. 6(a)(iii).

after the limitations had expired.  Accordingly, the instant Petition is time-barred, unless

equitable tolling applies or Petitioner establishes a gateway claim of actual innocence.

### B.  Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances

when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560

U.S. at 649-50.  With respect to the diligence inquiry, equitable tolling is not available where the

late filing is due to the petitioner's excusable neglect.  *Id.* at 651-52.  As for the extraordinary

circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be

extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to

meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011).

An extraordinary circumstance will only warrant equitable tolling if there is "a causal

connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to

file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).

Petitioner asserts that his mental illness constitutes an extraordinary circumstance

warranting equitable tolling.  (*See* D.I. 25 at 2)  He contends that he has been "taking psychiatric

medication as far back as the 3rd grade" and that his "well documented irreversible mental

disability is severe enough that [he] was not able to understand and comply with AEDPA's filing

requirements and deadline." (D.I. 25 at 2-3)

Petitioner's argument is unavailing.  "[M]ental incompetence is not a *per se* reason to toll

a statute of limitations.  Rather, the alleged mental incompetence must somehow have affected

the petitioner's ability to file a timely habeas petition." *Nara v. Frank*, 264 F.3d 310, 320 (3d

Cir. 2001), *overruled in part on other grounds by Carey v. Saffold*, 536 U.S. 214 (2002).

6

Although Petitioner's medical records provide evidence of continuing mental illness, the records demonstrate that Petitioner's mental health issues were not so severe that he would have been incapable of filing a timely habeas petition during the time period extending from the end of the statutorily tolled time – January 2018 – to the date on which the limitations period expired in January 2019. *See, e.g., Wallace v. Mahanoy*, 2 F.4th 133, 145-47 (3d Cir. 2021) (focusing "on what the records show about the changes and fluctuations [of the petitioner's] condition over the decade-plus period for which he seeks tolling" to determine if petitioner's mental illness constituted an extraordinary circumstance for equitable tolling purposes). In fact, Petitioner's medical records indicate that, once he received medication for mental illness, he experienced significant periods of relative stability from December 2017 through at least November 2018. (D.I. 22-2 at 15-16, 22-23, 32-33, 38-39) Since Petitioner's medical records demonstrate that his "mental condition was sufficiently stable to have allowed him to pursue his legal rights" during the relevant period, the Court concludes Petitioner's mental illness does not constitute an extraordinary circumstance triggering equitable tolling. *Wallace*, 2 F.4th at 148.

Petitioner does not assert that any other extraordinary circumstance prevented him from timely filing a habeas petition. To the extent Petitioner's late filing was due to a mistake or miscalculation of the one-year filing period, such a mistake does not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

Given these circumstances, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented.

## C. Actual Innocence

A credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S

383, 392 (2013); *Wallace*, 2 F.4th at 150-51.  A petitioner satisfies the actual innocence

exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a

preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his

guilt[] in light of the new evidence." *Id.* at 151.

      In this case, Petitioner does not allege that he is actually innocent. To the extent the Court

should construe Petitioner's argument that he was mentally ill at the time of his plea colloquy as

an attempt to trigger the actual-innocence equitable exception to AEDPA's limitations period, his

attempt is unavailing.  Courts that have considered the issue have found that a petitioner's

allegation of incompetency to enter a guilty plea does not state a claim of actual innocence for

purposes of the actual innocence gateway exception, because a petitioner's mental state at the

time of a guilty plea does not bear on his mental state at the time of the crime. *See Williams v.*

*Covello*, 2021 WL 6551280, at *7 n. 7 (C.D. Cal. Dec. 15, 2021) (collecting cases).  Therefore,

the Court concludes that Petitioner has not presented a gateway claim of actual innocence

sufficient to excuse his untimely filing.

      Accordingly, the Court will grant the State's Motion to Dismiss the Petition

## III.    REQUEST FOR COUNSEL

      In his Response to the State's Motion for Leave to File a Motion to Dismiss, Petitioner

asks the Court to appoint counsel to "investigate [Petitioner's] mental condition and explore the

contents of prior counsel's file and formulate an explanation for delay that might provide a basis

for equitable tolling." (D.I. 25 at 4)  Having determined that Petitioner's mental health issues do

not trigger equitable tolling, the Court will dismiss Petitioner's request for counsel as moot.

8

## IV.    CERTIFICATE OF APPEALABILITY

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons discussed, the Court will deny the instant Petition as time-barred without holding an evidentiary hearing or issuing a certificate of appealability. An appropriate Order will be entered.